IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON BROWNING

    Plaintiff,

v.                                                                                Civil Action No. 1:13-CV-23

NICKI SEIFERT, Unit Manager,
BRANDI MILLER, Unit Manager,
GREG YAHNKE, A. W. P.,
EVELYN SEIFERT, Warden,
MICHAEL TAYLOR, Chaplin,
C.J. RYDER, Religious Coordinator,
JAMES RUBENSTEIN, Comm, W.V.D.O.C.,
BOB YOKUM, Kitchen Sup.,
MARY ANN WORKMAN, Sup.,

    Defendants.

## REPORT AND RECOMMENDATION

**I.    BACKGROUND**

The Plaintiff, Jason Browning, is a state prisoner. The Plaintiff has had extensive disputes with the West Virginia Division of Corrections stemming from his religious beliefs. He has filed two civil actions based on these disputes. The Plaintiff's first case is case number 1:13-CV-23. The Plaintiff and the Defendants mediated this case and entered a Settlement Agreement and Release of All Claims on February 12, 2016. The Plaintiff now alleges that the Defendants have violated the terms of the Settlement Agreement.

On June 30, 2016, the Plaintiff filed several documents. First, in case number 1:13-CV-23 the Plaintiff filed [ECF No. 183] a Motion to Vacate the Settlement Agreement. Second, also in case number 1:13-CV-23, he filed [ECF No. 184] a Motion for an Injunction to Enforce the Settlement

Agreement. Third, he filed a new case, number 1:16-CV-145, seeking enforcement of the Settlement Agreement and damages.

**II. DISCUSSION**

For the reasons discussed below, **IT IS RECOMMENDED** that the Plaintiff's Motion for an Injunction and Motion to Vacate the Settlement Agreement be **DENIED** without prejudice.

*1.     The Plaintiff's [ECF No. 183] Motion to Vacate the Settlement Agreement*

The Plaintiff's [ECF No. 183] Motion to Vacate the Settlement Agreement is a bare-bones assertion that the Settlement Agreement has been breached and a demand that it be vacated. However, when read in conjunction with the Plaintiff's Complaint in case number 1:16-CV-145, which was filed on the same day as this motion, the Plaintiff alleges specific violations of the Settlement Agreement. The new case demands enforcement of the Settlement Agreement as well as damages.

The Court does not view vacating the Settlement Agreement as the Plaintiff's desired relief therefore, **IT IS RECOMMENDED** that his [ECF No. 183] motion be **DENIED** without prejudice. The Plaintiff is projected to be release in 2030 thus, he has approximately fourteen years remaining on his sentence. Thus, given the length of his sentence and the nature of the dispute, it is apparent that enforcing the terms of the Settlement Agreement—which is crafted to address his specific religious requests— is likely the desired outcome for the Plaintiff. Indeed, vacating the Settlement Agreement is contrary to the Plaintiff's requests for specific religious accommodations.

Moreover, Federal Rule of Civil Procedure 60(b)(6) provides that a court may vacate a settlement agreement for any reason that justifies relief. However, Rule 60(c) provides that the Rule 60(b) motion must be made "within a reasonable time." The Court's [ECF No. 178] February 12,

2016 Order Dismissing Case required the parties to file any motion within ninety days. The Plaintiff's Motion here did not come within that ninety-day period. Thus, perhaps the Plaintiff's Motion was not filed "within a reasonable time." However, the Court will not reach this issue because it is recommended that the Motion be dismissed on other grounds as discussed above.

    2.    *The Plaintiff's [ECF No. 184] Motion for an Injunction*

"When a settlement agreement has been breached two remedies are available-a suit to enforce the agreement or a Rule 60(b)(6) motion." *Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir. 1982) (citations omitted). Therefore, a motion for an injunction is an improper means to enforce the Settlement Agreement. Rather, a new suit is necessary. Indeed, as discussed above, the Plaintiff has already filed a new suit. Therefore, **IT IS RECOMMENDED** that the Plaintiff's [ECF No. 184]Motion for an Injunction be **DENIED** without prejudice.

Moreover, courts traditionally apply a four-prong test in analyzing a motion for an injunction:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. The decision to grant or deny such relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 388 (2006). The Plaintiff's [ECF No. 184] Motion for an Injunction is only a demand that the Court grant an injunction. Therefore, the Plaintiff has not demonstrated how his demand satisfies these factors.

## III.    RECOMMENDATION

**IT IS RECOMMENDED** that the Plaintiff's motions [ECF No.s 183 and 184] be **DENIED** without prejudice.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: December 14, 2016                     /s/ *James E. Seibert*
                                             JAMES E. SEIBERT
                                             UNITED STATES MAGISTRATE JUDGE